IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRENDA LOU SILVA MORANDO, | ) | CIVIL 13-00485 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER DENYING PLAINTIFF SOCIAL SECURITY DISABILITY INSURANCE BENEFITS; AND DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S APPEAL OF THE DENIAL OF SUPPLEMENTAL SECURITY INCOME BENEFITS**

Before the Court is Plaintiff Brenda Lou Silva Morando's ("Plaintiff") Complaint for Review of Social Security Disability Determination ("Complaint"), filed on September 24, 2013. [Dkt. no. 1.] Plaintiff filed her Opening Brief on January 21, 2014, Defendant Carolyn W. Colvin, Commissioner of Social Security ("Defendant"), filed her Answering Brief on March 21, 2014, and Plaintiff filed her Reply Brief on April 18, 2014. [Dkt. nos. 8, 11, 12.] This matter came on for hearing on May 12, 2014. After careful consideration of the supporting and opposing briefs, and the arguments of counsel, the Court HEREBY AFFIRMS the Commissioner's denial of Plaintiff's application for social security disability insurance benefits, and DISMISSES the Complaint for lack of jurisdiction as to Plaintiff's appeal of the denial of her application for supplemental security income

benefits.

## **BACKGROUND**

Plaintiff alleges that she is entitled to Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") because she has been unable to work since December 30, 2008. [Complaint at ¶ 6.] Plaintiff is a high school graduate, and she worked as a chef before she became disabled. [Administrative Record ("AR"), June 21, 2012 Administrative Law Judge Hearing Decision ("ALJ Decision") at 23.[1]] Plaintiff alleges she is disabled due to longstanding pain in her "left hip, groin, buttocks, and knee," resulting from a "fall down stairs that resulted in a fracture of the inferior pubic ramus and contusion of the medical [sic] condyle." [Complaint at ¶ 6.] Her date last insured ("DLI") was December 31, 2009, so her claim is for DIB from December 30, 2008 to December 31, 2009 ("claim period"). [ALJ Decision at 20.]

Plaintiff applied for DIB, under Title II, and SSI, under Title XVI of the Social Security Act ("the Act"), on October 25, 2010.[2] [AR, Exhs. 1D (2010 SSI application) at 122,

---

[1] All of the page numbers in the citations to the Administrative Record are to the pages of the record as a whole, not to the pages of the individual documents or exhibits.

[2] There is some inconsistency between the dates stated in the Complaint, the briefs, and the Administrative Record. It appears that Plaintiff signed both applications on October 25, 2010, but the applications were not actually filed until later.
(continued...)

2

2D (DIB application) at 127.] On April 21, 2011, the Social Security Administration ("SSA") denied Plaintiff's DIB application based on insufficient evidence from the claim period. [Id., Exhs. 1A (4/21/11 Disability Determination and Transmittal) at 58, 2A (Disability Determination - Technical Rationale) at 59, 4F (4/19/11 Psychiatric Review Technique by D. Lam, Ph.D. ("Lam Opinion")) at 196-209, 6F (12/2/10 Synopsis of Examination by Carolyn J. Mai, M.D. ("Mai Opinion")) at 214.] On August 4, 2011, it denied Plaintiff's request for reconsideration because there was still insufficient evidence of a disability. [Id., Exhs. 3A (8/4/11 Disability Determination and Transmittal) at 60, 7F (6/23/11 Synopsis of Examination by Gregory Harp, M.D. ("Harp Opinion")) at 215, 8F (6/23/11 Synopsis of Examination of W. Fo, Ph.D. ("Fo Opinion")) at 216.] On September 8, 2011, the SSA granted Plaintiff a hearing before an administrative law judge ("ALJ"), and the hearing occurred on May 11, 2012. [Id., Exh. 7B (letter from SSA) at 71-88; id., Trans. of 5/11/12 Hrg. ("5/11/12 Hrg. Trans.") at 31-57.]

The ALJ issued his decision on June 21, 2012. In determining whether Plaintiff was disabled, the ALJ applied the five-step analysis described in 20 C.F.R. § 404.1520. [ALJ Decision at 20-22.] He did not proceed beyond step two,

---

[2](...continued)
The precise dates are immaterial to the resolution of this appeal.

concluding that Plaintiff had not proven she had a medically severe impairment.  Specifically, after finding that Plaintiff did not engage in substantial gainful activity during the claim period, the ALJ found that, "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  [Id. at 22 (citation omitted).]

The ALJ discussed three sources of evidence in the record that Plaintiff presented: (1) notes from Plaintiff's doctor, Kevin Baiko, M.D., from 2010, that Plaintiff had reported to him she suffered chronic pelvic pain on the left side; [id. at 23 (citing AR, Exh. 2F at 188-192);] (2) a letter from a physical therapist, Shoshanah Barretto, reporting that Plaintiff's "posture, endurance, strength, balance, and range of motion of her left leg and trunk were affected"; [id. (citing AR, Exh. 1F at 184-187);] and (3) Plaintiff's testimony that she, *inter alia*, "had pain in her back, pelvic area, left leg, and had osteoporosis," had congestive heart surgery, walked with a cane, could not sit or stand for more than ten to fifteen minutes without pain, and could only lift a half gallon of juice once [id.].  The ALJ found that a physical therapist is not considered an acceptable medical source, and that he could not find Plaintiff had a medically determinable impairment based solely on Plaintiff's statements and description of symptoms.  [Id. (citing

20 C.F.R. §§ 404.1513(d), 404.1528).] Since Dr. Baiko's notes were not from the claim period, the ALJ found that Plaintiff "failed to produce sufficient medical evidence of a physical or mental impairment through the date last insured that lasted or was expected to last 12 consecutive months." [Id.]

On the other hand, the ALJ accorded "substantial weight to the opinions of the agency's medical consultants . . . all of whom determined that there was insufficient medical evidence of a physical or mental impairment," and the ALJ concluded that "[t]heir opinions are are [sic] consistent with the record as a whole." [Id. at 24 (citing AR, Exhs. 4F, 6F, 7F, 8F).] Thus, the ALJ concluded that Plaintiff failed to prove she was disabled under the Act. [Id.] On July 24, 2013, the Appeals Council declined Plaintiff's request for review, rendering the ALJ's decision final. [AR at 1-6 (Notice of Appeals Council Action).]

Plaintiff reapplied for SSI on March 2, 2012. [Id., Exh. 7D (2012 SSI application) at 134-38.] Plaintiff did not raise her SSI applications in her pre-hearing brief, at the ALJ hearing, or in an additional post-hearing brief. [Id., 5/11/12 Hrg. Trans. at 31-57; id., Exhs. 10E (Hearing Brief) at 176-78, 13E (Appellate Brief) at 182-83.]

Plaintiff alleges that 42 U.S.C. § 405(g) confers jurisdiction on this Court. [Complaint at ¶ 3.] She filed the Complaint on September 24, 2013, alleging that Defendant's

5

finding that Plaintiff was not disabled was not supported by substantial evidence, and was based upon incorrect legal standards. [Id. at ¶¶ 12-13.] Plaintiff requests the following relief: submission of the materials upon which the ALJ made his decision;[3] an order remanding the matter for further development of the record; a new hearing on the DIB application; attorneys' fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and any other appropriate relief. [Id. at pg. 4, ¶¶ 1-5.]

**STANDARD**

I. **Exhaustion**

The Act provides that "'[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action' in federal district court." Sims v. Apfel, 530 U.S. 103, 106 (2000) (alterations in Sims) (quoting 42 U.S.C. § 405(g)). Decisions are, thus, not subject to review "unless they challenge a 'final decision of the Secretary made after a [statutorily mandated] hearing.'" Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013) (alteration in Dexter) (some citations omitted) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)).

---

[3] Defendant served the Administrative Record on Plaintiff on November 22, 2013. [Dkt. no. 5.]

6

"A final judgment consists of two elements: the presentment of a claim to the Secretary and the exhaustion of administrative remedies." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). The Ninth Circuit has "adopted a three-part test for determining whether a particular case merits judicial waiver of § 405(g)'s exhaustion requirement. The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003) (internal quotation marks and citations omitted).

## II. Evidentiary Burdens and Standards of Review

The ALJ applies a five-step analysis to determine whether a claimant is entitled to disability benefits. See 20 C.F.R. § 404.1520.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five

> and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The burden is on the claimant to prove steps one through four, but then shifts to the respondent to show claimant can perform other substantial gainful work. Id. (citation omitted).

A district court may reverse an ALJ's determination "only if it is based upon legal error or is not supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005) (citation omitted). The Ninth Circuit has explained: "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and '[e]ven when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.'" Ludwig v. Astrue, 681 F.3d 1047, 1051 (9th Cir. 2012) (alteration in Ludwig) (citation omitted). Substantial evidence "must be more than a mere scintilla but not necessarily a preponderance." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In determining whether the decision is supported by substantial evidence, the court must consider the administrative record as a whole and, where the evidence can reasonably support

either affirmance or reversal, the district court may not substitute its judgment for the ALJ's. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." Tommasetti, 533 F.3d at 1038 (citations omitted).

**III. The ALJ's Duty to Develop the Record**

The ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel." Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (alteration in Celaya) (citation omitted). However, this duty is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Ludwig, 681 F.3d at 1055 n.30 (citation omitted). There does not need to be a "specific finding of ambiguity or inadequacy of the record" to "trigger this duty to inquire, where the record establishes ambiguity or inadequacy." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) (citation omitted).

The ALJ has "broad discretion in determining whether additional evidence is needed." Young-Fitch v. Colvin, No. 1:12-CV-00740-JE, 2013 WL 5161205, at *13 (D. Or. Sept. 11, 2013) (citing Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001)). A

9

harmless error analysis applies when the ALJ fails to further develop the record. Duke v. Comm'r of Soc. Sec., No. 1:12-CV-00449-SAB, 2013 WL 1982871, at *12 (E.D. Cal. May 13, 2013) (citing Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)).

The ALJ may discharge the duty to develop the record "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)). Another means available to the ALJ is to order a consultative examination. See, e.g., Reed, 270 F.3d at 841. The ALJ has

> broad latitude in ordering a consultative examination. The government is not required to bear the expense of an examination for every claimant. Some kinds of cases, however, do normally require a consultative examination, including those in which additional evidence needed is not contained in the records of [the claimant's] medical sources, and those involving an ambiguity or insufficiency in the evidence [that] must be resolved.

Id. at 842 (alterations in Reed) (internal quotation marks and citations omitted).

**DISCUSSION**

I. **Plaintiff's DIB Claim**

Plaintiff argues that the evidence that the ALJ relied on – the opinions of the agency's medical consultants, stating

that there was "insufficient evidence" of a severe impairment – was ambiguous, and thus it triggered the ALJ's duty to order a consultative examination. [Opening Brief at 13-15.] Although Defendant acknowledges the duty to develop the record, she argues that it is Plaintiff's threshold burden to create a record of severe impairment during the claim period, and Plaintiff failed to do so. [Answering Brief at 8-10.] Thus, Defendant argues, it was proper, looking at the record as a whole, to rely on the agency doctors' opinions and, in any event, the ALJ did develop the record. [Id. at 10.] The Court agrees that Plaintiff failed to meet her threshold burden, and thus the ALJ was not required to order a consultative examination.

In step two, the ALJ "evaluates whether the claimant has a medically severe impairment or combination of impairments." See Burch, 400 F.3d at 679. The burden was on Plaintiff to prove her disability, see id., and she may not shift that initial burden to the ALJ. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("Mayes contends that the ALJ should have developed the record and determined that Mayes had herniated discs even before Dr. Buehler reached his diagnosis. Mayes would improperly shift her own burden to the ALJ."). The issue then is whether the ALJ's decision that Plaintiff had not proven a severe medical impairment was supported by substantial evidence.

The ALJ properly considered the record as a whole, including Plaintiff's testimony and records from after the claim period. [ALJ Decision at 23.] He found that Plaintiff "failed to produce sufficient medical evidence of a physical or mental impairment . . ." and that the four agency doctors, at least two of which appear to have actually examined Plaintiff, found "insufficient medical evidence of a physical or mental impairment." [Id. at 23-24.] Taken together, he concluded there was insufficient evidence of a severe disability. [Id. at 24.]

This Court cannot say that this evidence is insubstantial. See Bayliss, 427 F.3d at 1214 (reversal only proper where ALJ decision not supported by substantial evidence). The ALJ based his decision on the agency doctors' opinions, which is more than a "scintilla of evidence," see Tommasetti, 533 F.3d at 1038, and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Ludwig, 681 F.3d at 1051. Thus, even if this Court disagreed with the ALJ's conclusion, it must defer to it since it was based on substantial evidence. See id.

Plaintiff also argues that the ALJ has a "'special duty to develop the record fully and fairly[.]'" [Opening Brief at 13, (quoting Caldwell v. Astrue, 804 F. Supp. 2d 1098, 1102 (D. Or. 2011)).] However, since the ALJ determined that the evidence before it was not ambiguous or insufficient, he had no duty to

further develop the record.  See Ludwig, 681 F.3d at 1055 n.30; see also Mayes, 276 F.3d at 459 (the ALJ considers "only impairment(s) . . . about which we receive evidence").

Moreover, even if the duty had been triggered, the ALJ and SSA properly developed the record, including by giving Plaintiff additional time to add to the record, and repeatedly contacting doctors that Plaintiff stated she had seen. [Answering Brief at 10-11 (citing AR, Exhs. 1F at 184 (contact with Dr. Steven Rogoff)[4], 2F at 188 (contact with Dr. Kevin Baiko), 5F at 210, 213 (contact with at least two other doctors), 9F at 217, 219; 5/11/12 Hrg. Trans. at 47-48, 56-57 (ALJ to leave record open).]  This is sufficient to meet the burden to develop the record under the Act.  See Tonapetyan, 242 F.3d at 1150. Ordering a consultative examination is at the ALJ's discretion. See Reed, 270 F.3d at 841.

For all of these reasons, this Court finds that the ALJ's decision was supported by substantial evidence, and the ALJ and SSA fully complied with any duty they had under the Act to develop the record.  Since the ALJ did not commit legal error and

---

[4] The Court notes that the Administrative Record includes medical records submitted by Plaintiff's attorney from Dr. Rogoff on August 1, 2012.  [AR, Exh. 13F at 275-79.]  Plaintiff cites frequently to these documents in her briefs.  Since they were not before the ALJ, the Court does not consider them in determining whether the ALJ's decision was supported by substantial evidence, and whether the decision not to order a consultative exam was supported by the record before him.  See Mayes, 276 F.3d at 459.

13

substantial evidence supported his decision, the Court AFFIRMS the ALJ's conclusion that Plaintiff was not disabled under the Act, and the Commissioner's denial of Plaintiffs DIB application.

**II. SSI Claim**

Plaintiff concedes that there has been no final judgment on her SSI claim. [Reply Brief at 5.] Rather, she argues that she could not exhaust her administrative remedies since "there is no decision from which [she] could have appealed." [Id.] She points to the record, [AR, Exh. 4E ("Disability Report - Field Office - Form SSA-3367) at 157,] and a phone call her attorney made to the SSA where an employee told her the application "had not been sent up," [Opening Brief, Decl. of Denise W.M. Wong at ¶ 2,] as evidence that her claim was never adjudicated. [Opening Brief at 8.] While that may be technically correct, this Court does not have jurisdiction to make a firsthand determination of the status of her SSI application, or why it may have been denied. See 42 U.S.C. § 405(g) (jurisdiction only after final decision). Plaintiff has ably appealed the determination of her DIB application, including preparing briefs and presenting testimony before an ALJ, with the assistance of counsel. According to the Administrative Record, she did not once, in these various fora, broach the issue of her SSI application. Thus, this Court is left with no record of appeal to review, and FINDS it lacks jurisdiction to review the

denial of Plaintiff's SSI application.  See id.[5]  The Court

DISMISSES the portion of the appeal challenging the denial of

Plaintiff's SSI application.

## CONCLUSION

On the basis of the foregoing, the ALJ's decision is

HEREBY AFFIRMED, and Plaintiff's appeal of the Commissioner's

denial of her DIB application is HEREBY DENIED.  Plaintiff's

appeal of the Commissioner's denial of her SSI application is

HEREBY DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 28, 2014.



　　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

**BRENDA LOU SILVA MORANDO VS. CAROLYN W. COLVIN, ETC.; CIVIL 13-00485 LEK-KSC; ORDER AFFIRMING THE DECISION OF THE COMMISSIONER DENYING PLAINTIFF SOCIAL SECURITY DISABILITY INSURANCE BENEFITS; AND DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S APPEAL OF THE DENIAL OF SUPPLEMENTAL SECURITY INCOME BENEFITS**

---

[5] The Court notes that it appears from the Administrative Record that the SSA denied Plaintiff's need-based SSI application due to the fact that her countable assets exceed the limit.  See AR, Exhs. 1D at 120, 7D at 136, 4E ("no initial level SSI claim on this case").  The Court, however, states no opinion as to why SSA has not informed Plaintiff directly that she is not eligible for SSI due to her assets.

15